557 So.2d 1036 (1990)
Ronald and Carol NOGGARATH
v.
Earl FISHER and Kenneth Fisher, et al.
In re TRAVELERS INSURANCE COMPANY.
No. 89-C-2176.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1990.
*1037 Michael R. Zsembik, New Orleans, for relator.
Gary J. Dragon, Slidell, James W. Hailey, Jr., Metairie, Regel L. Bisso, New Orleans, for respondent.
Before BARRY, BYRNES and PLOTKIN, JJ.
BARRY, Judge.
Travelers Insurance Company complains that the trial court erred by denying its exception of prescription.
According to Ronald and Carol Noggarath's 1988 petition, they contracted with Fisher & Son Contractors [Fisher] to construct a house. Fisher subcontracted with S & S Sheetrock, Inc. to install sheetrock which was manufactured by Welco, Inc. The Noggaraths moved into the house in August, 1981 and over a few years they noticed gray shadows which they assumed was mildew. In August, 1987 Fisher informed the Noggaraths that the discolor was not caused by mildew, but by sheetrock mud used in the sheetrock taping and/or its application. Fisher could not eliminate the problem and on July 22, 1988 the Noggaraths filed suit against Fisher, S & S Sheetrock, Welco and its insurer, Travelers Insurance Company.
Travelers filed an exception of prescription based on the fact that the sheetrock was installed in 1981 and the alleged defect was apparent in 1982. Suit was filed July 22, 1988 and Travelers argued that the one year prescription of La.C.C. Art. 3493 was applicable. Ronald Noggarath's deposition states he contacted the wallpaper salesman but did nothing else until Fisher was contacted in 1987. The Noggaraths admitted the defect appeared in 1982, but claimed they did not have knowledge of the defective mud until August, 1987 when Fisher informed them the stain was not from mildew.
The trial court noted that the lawsuit against Travelers was barred by the one year prescription unless prescription was interrupted. Because the petition alleged that the defendants were jointly liable (and solidary obligors) and the facts could result in the solidary liability of Fisher and Welco, the trial court found that the lawsuit was timely against Fisher based on the ten year prescriptive period of C.C. Art. 3500. The court reasoned that C.C. Art. 1799 provides that interruption of prescription against one solidary obligor interrupts prescription as to all solidary obligors, so Noggarath's timely lawsuit against Fisher interrupted prescription as to Welco. We disagree.
Interruption of prescription against joint tortfeasor A occurs by a timely lawsuit against joint tortfeasor B only as to conduct for which tortfeasors A and B are responsible, and only if the cause of action against tortfeasor A was not prescribed when the suit against tortfeasor B was filed. Whitnell v. Menville, 540 So.2d 304 (La.1989). Once prescription occurs it cannot be interrupted. Timely suit against one solidary obligor does not interrupt prescription that has run against another solidary obligor. Juneau v. Hartford Insurance Company, 458 So.2d 1011 (La.App. 3rd Cir. 1984), writ denied, 462 So.2d 198 (La. 1984).
The trial court properly found that the Noggaraths knew of the damage in 1982. Their claim against Welco, and its insurer, Travelers Insurance Company, was subject to the one year prescriptive period and prescribed before their 1988 lawsuit against Fisher.
The trial court erred by denying Travelers' exception of prescription. The judgment *1038 is reversed. The exception of prescription is maintained.
REVERSED.