GAUDIN, Judge.
This is an appeal by Emile J. Camaille, Jr., whose legal malpractice lawsuit was dismissed in the 24th Judicial District Court because of prescription. We affirm.
A suit claiming legal malpractice is an action in tort governed by the one-year prescriptive period of LSA-C.C. art. 3492. It is only when an attorney expressly warrants a specific result or agrees to perform certain work is the cause of action in contract and subject to the ten-year prescriptive period of LSA-C.C. art. 3499. See Gravois v. New England Ins. Co., 553 So.2d 1034 (La.App. 4 Cir.1989).
Here, Camaille retained attorney Charles Dittmer to prosecute a claim against Shell Oil Company. On October 19, 1982, Cam-aille picked up his papers from the attorney. On December 20, 1983, Camaille’s suit in the 24th Judicial District Court was dismissed because no steps had been taken by either party from August 5, 1977 until August 24, 1982, when the motion to dismiss was filed, a period in excess of five years.
In 1987, Camaille alleges that he became aware of the dismissal. He filed a complaint with the Louisiana State Bar Association. Following an investigation, the LSBA, on May 12, 1988, informed Camaille that there had been no unethical conduct on the part of Dittmer or his law firm. The LSBA’s letter, in part, stated:
“... it appears that you picked up your file from the law firm in 1982 and that your case was dismissed for lack of timely pursuit in 1983. None of the lawyers involved had anything to do with that prescription and, as stated to you by Ms. Cotogno, it was incumbent upon you to have secured legal counsel to represent you timely.”
On May 23, 1988, the LSBA sent another letter to Camaille, saying:
“Your unsigned letter of May 16, 1988 was received, as well as your letter of May 19th. I once again evaluated the content of the above-numbered file. As stated to you previously, the Committee felt that the file was in your possession at the time it became abandoned and was not in the possession of any attorney against you have filed complaints. As a matter of fact, I am attaching a copy of your letter of July 10, 1987, again unsigned, to Ms. Cotog-no, wherein you stated that you picked up your file in October or November of 1982. At that time, a Mr. Balin was to represent you, but you stated in your letter that you had decided to await the graduation of some friend from law school who would then handle the matter. In 1983, apparently a motion was filed, dismissing your case because, under the rule of law, your case was declared abandoned.
“Unfortunately, you are under the mistaken belief that you had more time in which to act, whereas time had already run.
“In summary, therefore, at the time you picked up your file, the case had not been declared abandoned by the formal decree of the court. Therefore, it was not in the hands of an attorney at the time such action was taken in 1983.
“I once again regret the outcome of this matter, but I do not have sufficient evidence or a change of facts to request that the court appointed committee reconsider the matter. Their deci *1025 sion was based upon the same facts now available.”
Camaille then filed a motion in district court to annul the judgment dismissing his claims against Shell. The motion was denied. The Fifth Circuit Court of Appeal affirmed, and the Supreme Court of Louisiana denied writs on June 30, 1989. The instant legal malpractice was filed on July 6, 1989.
Appellant argues that his cause of action against the attorneys did not exist until June 30, 1989, when the Supreme Court denied writs. Also, Camaille pleads contra non valentem, which is an exception to the running of prescription. It should be applied here, Camaille believes, because the attorneys, by their failure to advise him of the December 20,1983 district court dismissal, prevented him from availing himself of his cause of action against them. See Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979), at pages 1321 and 1322 for a full discussion of contra non valentem.
It appears clear from this record that Camaille discharged the subject attorneys in October, 1982 and that he was aware of a possible cause of action when he contacted the bar association. The two letters from the LSBA to Camaille in May, 1988 show beyond doubt that Camaille knew then that his district court case against Shell had been dismissed “... for lack of timely pursuit in 1983.” Accordingly, the tort action filed on July 6, 1989 was untimely, the doctrine of contra non va-lentem notwithstanding. When a party has enough notice to excite attention and put him on guard, he has sufficient knowledge to start the running of prescription. See Cartwright v. Chrysler Corp., 232 So.2d 285 (La.1970); and Gravois v. New England Ins. Co., supra, which cites Cartwright favorably at page 1040.
The trial court judgment granting- the exception of prescription is affirmed with Camaille to bear costs of this appeal.
AFFIRMED.