hKLIEBERT, Chief Judge.
Plaintiffs, Patricia and Geoffrey E. Nord-gren, sued defendants, Switzer Mechanical Contractors, Inc. (SMCI) and Trojan Contractors, Inc. (TCI), in tort to recover damages following an on-the-job accident. Both defendants filed exceptions of prescription which were granted, dismissing these defendants from the tort suit. Plaintiffs appeal. For the following reasons, we affirm.
Geoffrey Nordgren was employed by Burk-Kleinpeter, Inc. (BKI) and injured on August 14, 1991 when he was struck in the head by the boom of a crane operated by an employee of SMCI and/or TCI. On August 16,1993, Mr. Nordgren filed a worker’s compensation suit against BKI. On the same date, a tort suit was filed naming SMCI, TCI and Donald M. Clement Contractor, Inc. defendants.[1] SMCI and TCI filed exceptions of prescription as no legal proceedings were instituted until two years after the accident.[2] After hearing arguments, the trial court granted defendants’ exceptions, dismissing the petition as to these defendants.
Plaintiffs contend the timely filing of the worker’s compensation claim interrupted prescription against the joint tortfeasors SMCI and TCI. In support of their position, plaintiffs cite the cases of Williams v. Sewerage & Water Board of New Orleans, 611 So.2d 1383 (La.1993) and Parker v. Southern American Insurance Company, 590 So.2d 55 (La.1991) for the proposition that a timely filed worker’s compensation claim interrupts prescription against tortfeasors who are lia *981 ble with the employer jointly, severally and insólido.
Defendants contend that Mr. Nordgren knew he was injured on August 14,1991 and, absent a suspension or interruption of the prescriptive period prior to August 14, 1992, plaintiffs’ cause of action prescribed and could not be subsequently interrupted by a worker’s compensation claim filed August 16, 1993. Additionally, defendants contend the cases relied on by plaintiffs are factually distinguishable.
Delictual actions are subject to the liberative prescription of one year. LSA-C.C. art. 3492. Civilian prescriptive periods act to extinguish the civil obligation to which they apply. Louisiana Health Service and Indemnity Company v. McNamara, 561 So.2d 712 (La.1990). Once a cause of action is extinguished by prescription, a subsequent timely suit against alleged solidary obligors will not revive the prescribed action. Gulf States Land and Development v. Ouachita National Bank, 612 So.2d 1031 (La.App. 2nd Cir.1993) writ denied; Whitnell v. Menville, 540 So.2d 304 (La.1989). “Once prescription occurs it cannot be interrupted. Timely suit against one solidary obligor does not interrupt prescription that has run against another solidary obligor.” Noggarath v. Fisher, 557 So.2d 1036, 1037 (La.App. 4th Cir.1990); see also Bustamento v. Tucker, 607 So.2d 532 (La.1992), fn. 5 at p. 536.
Plaintiff was injured on August 14, 1991. There was no action interrupting or suspending the prescriptive period prior to August 14, 1992. Therefore, the worker’s compensation claim timely filed on August 16, 1993 will not revive the prescribed tort action.
Accordingly, for the foregoing reasons, the trial court judgment is affirmed. All costs are to be borne by plaintiffs.

AFFIRMED.

. Donald M. Clement Contractor, Inc. is not a party to this appeal.

. August 14th and 15th, 1993 were legal holidays.