**Sheridan Phillip RICHARD**

v.

**Clark REED, et al.**

**Civ. A. No. 88–1821.**

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

March 23, 1995.

**108**

Louis D. Pufkin, David C. Jones, James E. Williams, Thomas J. Solari, Woodley Williams Fenet Boundreau & Brown, Lake Charles, LA, for plaintiff.

W. Gregory Arnette, Jr., Arnette & Riley, Jennings, LA, for Clark Reed, Berthell Joseph.

Daniel A. Rees, Charles W. Schmidt, III, Christovich & Kearney, New Orleans, LA, John A. Jeansonne, Jr., Jeansonne & Remondet, Lafayette, LA, for Inter. Systems & Controls Corp.

Daniel A. Rees, Charles W. Schmidt, III, Christovich & Kearney, New Orleans, LA, for R.J. Greenville, Highlands Ins. Co.

Michael Charles Darnell, Phillip M. Becker, Adams & Reese, New Orleans, LA, for Thomas Conveyor Co. Inc.

J. Michael Johnson, Richard G. Duplantier, Jr., Gerald A. Melchiode, Galloway Johnson Tompkins & Burr, P.L.C., New Orleans, LA, for Screw Conveyer Corp.

John J. Weigel, Jones Walker Waechter Poitevent Carrere & Denegre, New Orleans, LA, for F.M.C. Corp. aka Food Machinery Corp.

Joseph A. Brame, Brame Bergstedt & Brame, Lake Charles, LA, for Ins. Co. of North America.

Thomas E. Balhoff, Judith R. Atkinson, Mathews Atkinson Guglielmo Marks & Day, Baton Rouge, LA, for Bluffton Agr. Indust. Corp., Aetna Cas. & Sur. Co.

### RULING

SHAW, Chief Judge.

Now before the court is the motion to dismiss, and in the alternative, motion for summary judgment filed by defendants, Bluffton Agri–Industrial Corporation and Aetna Casualty & Surety Company. Plaintiff, Sheridan Phillip Richard ("Richard"), and intervenor, the Insurance Company of North America, oppose the motion.

*Background:*

The parties agree that the relevant events took place on the following dates:

10/5/87: Richard allegedly slipped into the conveyor portion of a grain bin system resulting in the amputation of his left leg.

6/1/88: Richard filed suit in state court naming as defendants, Clark Reed d/b/a Reed–Joseph International and Berthell Joseph d/b/a Reed–Joseph International.

6/21/88: Richard filed his first supplemental and amending complaint naming International Systems and Controls Corporation ("ISC") as an additional defendant.

7/11/88: ISC removed the instant action to this court.

9/19/88: ISC filed a motion to dismiss.

11/3/88: Reed, Joseph and Reed–Joseph International filed a motion to dismiss.

11/15/88: Richard filed his second supplemental and amending complaint naming Reed–Joseph Company and its insurer, Highlands Insurance Company ("Highlands"), as additional defendants.

11/30/88: The motion to dismiss filed by ISC was granted.

2/10/89: The motion to dismiss filed by Reed, Joseph and Reed–Joseph International was granted.

6/3/91: Richard filed a motion to dismiss Greenville R.J. (incorrectly named

Reed–Joseph Company in the second supplemental and amending complaint)[1] and Highlands.

**6/5/91:** The motion to dismiss Greenville R.J and Highlands was granted and the case was closed.

**9/5/91:** Richard, represented by a new law firm, filed a 60(b) motion to reinstate the case.

**5/6/92:** This court granted Richard's motion to reinstate on the ground that there had been a miscommunication between Richard and his former counsel, and that Richard had never voluntarily authorized a dismissal of his suit.

**1/31/94:** Richard filed his fifth supplemental and amending complaint naming Bluffton Agri–Industrial Corporation ("Bluffton") and Aetna Casualty & Surety Company ("Aetna") as additional defendants.

**10/20/94:** Bluffton and Aetna filed the instant motion to dismiss, and in the alternative, motion for summary judgment asserting that Richard's claims against Bluffton and Aetna prescribed prior to 1/31/94.

*Law and Discussion:*

 In the instant action, this court's jurisdiction is based on diversity of citizenship. In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens v. Deere & Company,* 869 F.2d 879 (5th Cir.1989). As the plaintiff is a Louisiana resident who was injured in-state, this court will apply the law of Louisiana.

Under Louisiana law, personal injury actions are governed by a one-year prescriptive period which period commences to run on the day that the alleged injury is sustained. LSA–C.C. art 3492. The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462:

> Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.[2]

If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799 further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See also LSA–C.C. art. 3503.

In the instant case, it is undisputed that Richard sustained his injuries on October 5, 1987. Accordingly, the one-year prescriptive period ran on October 5, 1988. Prior to October 5, 1988, Richard did file suit against Reed d/b/a Reed–Joseph International, Joseph d/b/a Reed–Joseph International and ISC. Subsequently, however, each of these parties was dismissed.

As of October 5, 1988, then, Richard had failed to file suit against a proper party defendant. If no other facts were before this court, said failure would clearly require dismissal of Richard's claims against Bluffton.[3]

---

1. Although Greenville R.J. was incorrectly named Reed–Joseph Company in Richard's second supplemental and amending complaint, for purposes of this ruling, this court will continue to refer to the defendant named in the second supplemental complaint as Reed–Joseph Company.

2. The other method of interrupting prescription under Louisiana law is set forth in LSA–C.C. art. 3464 which provides that "[p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." LSA–C.C. art. 3464 is not at issue in the instant case.

3. The one year prescriptive period for personal injury actions had clearly run by the time Bluffton was named a defendant in 1994. Accordingly, Richard's claims against Bluffton prescribed on October 5, 1988, provided prescription was not interrupted prior to that date. In the instant case, the only method whereby Richard may have interrupted prescription is set forth in LSA–C.C. art. 1799. Pursuant to that article, Richard may have interrupted prescription against Bluffton if, within the prescriptive period, Richard interrupted prescription against another party with whom Bluffton was solidarily liable. As all of the parties against whom Richard filed suit prior to October 5, 1988 were subsequently dismissed, none of these parties can be solidary

Richard does not dispute this point. Richard asserts, however, that his subsequent claim against Reed–Joseph Company alters the analysis and mandates a different result.

Specifically, Richard asserts that his second supplemental and amending complaint naming Reed–Joseph Company as an additional defendant, although filed more than a year after his accident, relates back to the date on which his original complaint was filed. As such, Richard maintains that he timely filed suit, and thus interrupted prescription, against Reed–Joseph Company. Finally, relying on LSA–C.C. art. 1799, Richard concludes that he timely filed suit against Bluffton as the interruption of prescription against one solidary obligor (such as Reed–Joseph Company) is effective against all solidary obligors (such as Bluffton).

■ This court will address each of Richard's assertions in turn. Richard first asserts that his amended complaint naming Reed–Joseph Company as an additional defendant relates back to the date on which his original complaint was filed. Relation back is governed by Federal Rule of Civil Procedure 15(c).[4] The Supreme Court has interpreted Rule 15(c) to authorize an amended complaint to relate back to the time of the original complaint if the following four factors are satisfied:

(1) the basic claim in the subsequent complaint must have arisen out of the conduct set forth in the original complaint;

(2) the party sought to be added must have received notice of the action such that it will not be prejudiced in maintaining its defense;

(3) that party must know or should have known that but for a mistake concerning identity, the action would have been brought against it; and

(4) the second and third requirements must have been fulfilled within the applicable limitations period.[5]

■ In the instant action, the basic claim asserted in the amended complaint arises out of the same set of facts set forth in the original complaint.[6] Moreover, Reed–Joseph Company received notice of the original action—as well as notice of its potential liability therein—well within the prescriptive period.[7] Accordingly, this court finds that

---

obligors as a matter of law. Consequently, if no other facts were before this court, LSA–C.C. art. 1799 would clearly not apply and Richard's claims against Bluffton would be time-barred. See *Spott v. Otis Elevator Company*, 601 So.2d 1355 (La.1992); *Gibson v. Exxon*, 360 So.2d 230 (La.App. 1st Cir.1978).

**4.** Although this court is bound to apply Louisiana substantive law in diversity cases, we are also bound to apply a federal rule of civil procedure in diversity cases provided such application does not violate the Enabling Act or the Constitution. The Fifth Circuit has held that Fed.R.Civ.P. 15(c) does not violate the principles of federalism. *Johansen v. E.I. Du Pont De Nemours & Co.*, 810 F.2d 1377, 1380 (5th Cir.1987). Accordingly, this court will employ Rule 15(c) and federal jurisprudence interpreting same.

**5.** *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) This court notes that in 1991, Rule 15(c) was amended "to change the result in *Schiavone* with respect to the problem of a misnamed defendant." Fed.R.Civ.P. 15 advisory committee note (1991 amendment). The only significant difference between the *Schiavone* rule and the amended rule is that, instead of requiring notice within the limitations period, relation back is allowed as long as the added party had notice within 120 days following

the filing of the complaint, or longer if good cause is shown. *Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543 (5th Cir.1992). In the instant case, the 1991 amendment does not affect the ruling of this court.

**6.** Specifically, both the original and amended complaint assert claims arising out of the facts surrounding the manufacture and installation of the grain bin system which allegedly caused Richard's injuries.

**7.** In the instant action, the attorney who presently represents Reed–Joseph Company previously represented ISC. ISC was served well-within the prescriptive period. Accordingly, Reed–Joseph Company timely received notice through its attorney. The requisite notice of an action can be imputed to a new defendant through its attorney who also represented the party or parties originally sued. *Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir.1980). In addition, this court notes that there is a clear identity of interest between Reed–Joseph Company and ISC as Reed–Joseph Company is a subsidiary of ISC. When there is an identity of interest between the originally named defendant and the party the plaintiff actually intended to sue, the institution of the action against one serves to provide notice of the litigation to the other. *Findley v. City of Baton Rouge,*

Richard's amended complaint naming Reed–Joseph Company as an additional defendant relates back to the date on which the original complaint was filed.[8]

As this court agrees with Richard's first assertion, Richard's second assertion must also survive. Indeed, the very purpose of the relation-back doctrine set forth in Rule 15(c) is to circumvent the generally accepted rule that new parties cannot be added to an action by amendment after the applicable limitations period has expired. 6A Wright, Miller & Kane Federal Practice and Procedure § 1498 (1990). Accordingly, having found that Richard's amended complaint relates back to his original complaint pursuant to Rule 15(c), this court is duty-bound to find that Richard timely filed suit against Reed–Joseph Company.

■ Finally, then, this court must address Richard's third assertion. Specifically, Richard asserts that he timely filed suit against Bluffton because (1) he timely filed suit against Reed–Joseph Company, (2) this timely filed suit interrupted prescription against Reed–Joseph Company, and (3) pursuant to LSA–C.C. art. 1799, the interruption of prescription against one solidary obligor is effective against all solidary obligors.

At first glance, Richard's argument seems incontrovertible. After a closer examination of the instant case, however, Richard's argument appears less certain. Clearly, if Richard had filed suit against Reed–Joseph Company prior to October 5, 1988, Richard's subsequent suit against Bluffton would be timely pursuant to LSA–C.C. art. 1799. In the instant case, however, Richard did not file suit against Reed–Joseph Company prior to

October 5, 1988. Indeed, Richard did not file suit against Reed–Joseph Company until November 15, 1988. While Richard's claim against Reed–Joseph Company relates back to June 1, 1988, the effect of this relation-back, at least with respect to Richard's ability to sue Bluffton, is unclear.

The final question before this court, then, is whether Richard's amended complaint naming Reed–Joseph Company as an additional defendant—an amended complaint which was filed after the one-year prescriptive period, but which related-back to a date within the one-year prescriptive period—interrupted prescription with respect to Bluffton. While this court has been unable to locate Louisiana case law addressing this question, this court is aware that the question itself must be resolved by reference to Louisiana law.

■ Under Louisiana law, LSA–C.C. art. 1799 does provide that the interruption of prescription against one solidary obligor interrupts prescription against all solidary obligors. However, Louisiana jurisprudence also provides that "once a cause of action is extinguished by prescription, a subsequent timely suit against alleged solidary obligors will not revive the prescribed action." *Nordgren v. Trojan Contractors, Inc.*, 648 So.2d 980 (La.App. 5th Cir.1994).[9] It is this final tenet that guides our decision today.

In the instant case, Richard did timely file suit—and thus interrupted prescription—against Reed–Joseph Company. However, Richard did not file his amended complaint naming Reed–Joseph Company as an additional defendant until prescription had run

---

570 So.2d 1168, 1171 (La.1990), citing 6A Wright, Miller & Kane, Federal Practice and Procedure § 1499 (1990).

**8.** At this point, this court wishes to briefly address the intervenor's argument. Specifically, the intervenor asserts that prescription was interrupted against Bluffton even if the relation-back doctrine is not utilized. In support of this proposition, the intervenor cites *Hensgens v. Deere & Company*, 869 F.2d 879 (5th Cir.1989). In *Hensgens*, the court held that the plaintiff's original complaint naming the defendant as "John Deere Corporation" interrupted prescription as to the defendant even though its true name was "Deere & Company." The court noted that the relation

back doctrine was not at issue as the amended complaint, filed after the prescriptive period, merely corrected a minor misnomer. The instant case is not a "misnomer case" and is therefore distinguishable. Richard did not misname a particular defendant in his original complaint; rather, he sued the wrong party. Reed, Joseph, Reed–Joseph International and ISC do exist and are separate and distinct from Reed–Joseph Company.

**9.** See also *Gulf States Land and Development v. Ouachita National Bank*, 612 So.2d 1031 (La. App. 2nd Cir.1993) writ denied; *Whitnell v. Menville*, 540 So.2d 304 (La.1989); *Bustamento v. Tucker*, 607 So.2d 532 (La.1992).

against Bluffton. Although the amended complaint did relate back to a date within the prescriptive period, this fact is of no moment. Until Richard amended his complaint to add Reed–Joseph Company as an additional defendant, the relation back doctrine did not apply and prescription was not interrupted. As already stated, Richard did not so amend his complaint until prescription had accrued with respect to Bluffton.[10] In *Noggarath v. Fisher*, 557 So.2d 1036 (La.App. 4th Cir. 1990), the Louisiana Fourth Circuit Court of Appeal stated:

> Once prescription occurs it cannot be interrupted. Timely suit against one solidary obligor does not interrupt prescription that has run against another solidary obligor. *Id.* at 1037.

Accordingly, this court finds that Richard's amended complaint naming Reed–Joseph Company as an additional defendant did not interrupt prescription with respect to Bluffton. This court further finds that Richard's claims against Bluffton have prescribed.

### Conclusion:

For the foregoing reasons, the motion to dismiss, and in the alternative, motion for summary judgment filed by defendants, Bluffton and Aetna, is GRANTED, and the plaintiff's claims against Bluffton and Aetna are DISMISSED.

The instant ruling is certified for immediate appeal under 28 U.S.C. § 1292(b) as this court is of the opinion that the ruling involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the ruling may materially advance the ultimate termination of the litigation.

---

**10.** To put it another way, the action which set the relation-back into motion, i.e., the filing of the amended complaint against Reed–Joseph Company, did not occur until prescription had run against Bluffton.