676 So.2d 1111 (1996)
Brian BRADLEY
v.
MIKE ROUGEE CORPORATION.
No. 95-CA-967.
Court of Appeal of Louisiana, Fifth Circuit.
June 25, 1996.
*1112 Stephen J. LaBorde, New Orleans, for plaintiff-appellant.
James A. Holmes, Christovich & Kearney, New Orleans, for defendant-appellee.
Before BOWES, GRISBAUM and WICKER, JJ.
GRISBAUM, Judge.
This appeal relates to an administrative hearing officer's grant of a defendant's exception of prescription. We set aside and remand.

ISSUE
The single issue presented is whether the filing of a tort action in district court interrupts prescription for a worker's compensation claim recognizing that district court is no longer a competent jurisdiction for worker's compensation claims.

FACTS AND PROCEDURAL HISTORY
The plaintiff, Brian Bradley, was injured when the company van he was driving was rear-ended on September 3, 1992. On September 3, 1993, the plaintiff filed suit in civil district court in Orleans Parish naming the driver of the car that hit him and her insurance company as defendants, as well as his employer's uninsured motorist insurance coverage provider. In his petition, the plaintiff also averred that "at all times relevant... plaintiff ... operated the 1981 Ford Econoline 150 with the consent and permission of its owner and his employer, Michael Rougee, and that said authority was exercised during the course and scope of his employment for Michael Rougee." In March 1995, the plaintiff filed a worker's compensation claim. In April 1995, the defendant answered, denying any responsibility for the payment of worker's compensation to the plaintiff and further alleging the claim had prescribed. In May 1995, Highlands Insurance Company, the defendant's worker's compensation insurance provider, intervened in the negligence suit filed by the plaintiff, *1113 seeking subrogation and offset in regards to any recovery made by the plaintiff, if it is determined that the defendant must pay the plaintiff worker's compensation benefits.
The defendant filed an exception of prescription regarding the claim for worker's compensation. The hearing officer granted the exception and the plaintiff appealed.

Law
Prescription is interrupted by the filing of a suit in a court of competent jurisdiction and venue. La.Civ.Code art. 3462. Further, an action commenced in an incompetent court or improper venue interrupts prescription only as to a defendant served by process within the prescriptive period. Id. Additionally, "[w]hen prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors." La.Civ.Code art. 3503. Finally, "[t]he interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs." La.Civ.Code art. 1799. Worker's compensation law provides a one-year prescriptive period from the date of the accident or date of discovery, and, in cases where the injury does not develop immediately after the accident, the claim is barred unless the proceedings have been brought within two years of the date of the accident. La.R.S. 23:1209. Courts have declared both the one-year and two-year limits set forth in La.R.S. 23:1209 to be prescriptive, not peremptive. Lester v. Rebel Crane and Serv. Co., 393 So.2d 674 (La.1981); Latino v. Binswanger Glass Co., 532 So.2d 960 (La.App. 5th Cir. 1988).
In Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1390 (La.1993), the Louisiana Supreme Court held that "a suit timely filed against the employer for worker's compensation interrupted prescription as to the subsequent claim against the third party tort-feasor for damages."

Analysis
We first note that the plaintiff's tort claim was filed in a court of competent jurisdiction and proper venue. In his Reasons for Judgment, the hearing officer found Williams to be inapplicable because (1) district courts no longer have jurisdiction over worker's compensation claims, and (2) the defendant was not named in the tort claim, nor was the defendant served with the tort claim. He went on to say that "[b]ecause the district court is no longer a court of competent jurisdiction for workers' compensation claims, the filing of a tort claim in [d]istrict [c]ourt does not interrupt prescription on a workers' compensation claim despite solidarity of the employer and the tort-feasor." We disagree. The question of interruption of prescription is, in fact, controlled by the issue of solidarity.
When prescription is interrupted against one solidary obligor, that interruption is effective against all solidary obligors. (La. Civ.Code art. 1799). The Williams court cited Hoefly v. Gov't Employees Ins. Co., 418 So.2d 575 (La.1982) to define solidary obligors. Williams, supra, at 1387. Hoefly defined solidary obligors as being "`obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor.'" Id. (quoting Hoefly, supra at 576). The Williams court went on to say that obligations can be solidary even though they "`arise from separate acts or by different reasons.'" Williams, supra, at 1388 (quoting Hoefly, supra, at 579). "In a worker's compensation claim ... some elements of compensation damages are the same as those which may be recovered in tort damages, i.e. lost wages and medical expenses. See LSA-R.S. 23:1202 and 1203." Williams, supra, at 1387. Therefore, where worker's compensation benefits and recovery in the tort action overlap, as in the matter before us, the defendant and the tort-feasor are "obligated to the same thing even though the obligations arise from different sources." Id. at 1388.
The next prong of Hoefly which must be satisfied to establish solidarity is whether each obligor is liable for the whole performance. Hoefly, supra, at 576. "Obligations may be solidary even thought the debtors are bound differently from each other, and even if their obligations are subject to different terms and conditions." Williams, supra, at 1388 (citing La.Civ.Code arts. 1797, 1798). The Williams court further stated that "the *1114 employer and tort-feasor here share a common liability which is not subject to a plea of division." Id. at 1388. We find this to be the case in the matter before us and, therefore, find the second requisite of solidarity to be met.
Finally, we find the third requirement of Hoefly, that is, payment of one exonerates the other obligors toward the creditor, to be satisfied in this instance. Payment of one solidary obligor exonerates the other obligors as to the creditor. La.Civ.Code art. 1794. Here, as in Williams, the injured employee is not allowed to obtain double recovery on the elements of damage, which are coextensive. In fact, the defendant's worker's compensation insurer has intervened in the tort action for subrogation and offset for any worker's compensation payments it must make to the plaintiff.
The defendant argues that, because they were not served, prescription was not interrupted based on La.Civ.Code art. 3462. However, the negligence action brought by the defendant against the tort-feasor was brought in the proper court, and the defendant is a solidary obligor of the tort-feasor thereby interrupting prescription. Further, while the defendant was not named in nor served a copy of the petition, he was well aware of the accident. The defendant's uninsured motorist insurer was named in the negligence action, and the defendant's worker's compensation insurer had intervened in the negligence action.
The hearing officer then cited a case from this Court wherein it was held that a timely filed worker's compensation claim could not revive a prescribed tort claim. Nordgren v. Trojan Contractors, Inc., 94-417 (La.App. 5th Cir. 12/14/94), 648 So.2d 980. In the case before us, the tort claim was filed one year from the date of the accident, which was within the prescriptive period for a worker's compensation claim. Therefore, this is not a question of reviving a prescribed claim and Nordgren is not controlling.
Because we find the defendant and the tort-feasor to be solidary obligors, based on the above discussion, we find the hearing officer erred in granting the defendant's exception of prescription. Ergo, we set aside that decision, and we remand this matter for further proceedings consistent with the views expressed herein. All costs of this appeal are to be assessed against the appellee.
SET ASIDE AND REMANDED.