JjDUFRESNE, Chief Judge.
This is an appeal by Dwayne Gatlin from a judgment sustaining an exception of prescription urged by Cox Communications, Inc. in this workers’ compensation case. For the following reasons we vacate that judgment and remand the matter to the Office of Workers’ Compensation for further proceedings.
The pertinent facts are straightforward. Gatlin was employed by Cox on January 9, 1999, when a utility pole he was climbing broke and fell. He was injured and collected temporary total disability benefits until February 1, 1999, after which he returned to work.
On August 12, 1999, he filed suit against Entergy Corporation of Louisiana, the owner of the pole, and that suit is still pending. Then on May 15, 2000, he filed a claim for additional workers’ compensation benefits against Cox. Cox responded to this claim by urging an exception of prescription which was sustained by the workers’ compensation judge. This appeal followed.
| ¡.Pursuant to La. R.S. 23:1209, when temporary total disability benefits have been paid and then terminated, a claim for additional benefits prescribes one year from the last payment. Cox relied on this provision as the basis of its exception. *802 While acknowledging this law, Gatlin nonetheless asserted that the tort suit against Entergy interrupted this prescriptive period as to Cox. The only issue before this court is whether or not Gatlin’s position is correct.
In Williams v. Sewerage & Water Bd. Of New Orleans, 611 So.2d 1383, 1390 (La.1993), the court held that “a suit timely filed against the employer for workers’ compensation interrupted prescription as to the subsequent claim against the third-party tort-feasor for damages.” In Bradley v. Mike Rougee Corporation, 95-967 (La.App. 5th Cir. 6/25/96), 676 So.2d 1111; writ denied 96-1915 (La.11/1/96), 681 So.2d 1262, this court held that the rule in Williams also operated to interrupt prescription of the workers’ compensation claim when the tort suit was filed prior to that claim.
The operative facts here are indistinguishable from those in Bradley, i.e. the tort suit was timely filed before the workers’ compensation claim would have prescribed. Following Bradley, we hold that filing of the tort suit against Entergy interrupted prescription of the workers’ compensation claim against Cox, and that the judgment ruling otherwise was incorrect.
For the above reasons set aside the judgment sustaining the exception of prescription urged by Cox and remand the matter to the Office of Workers’ Compensation for further proceedings consistent with this opinion.

JUDGMENT VACATED, REMANDED FOR FURTHER PROCEEDINGS.