328 So.2d 752 (1976)
Raoul E. DRANE
v.
CITY OF NEW ORLEANS.
No. 7445.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1976.
*753 Martin A. Welp, New Orleans, for plaintiff-appellant.
Philip S. Brooks, City Atty., Jackson P. McNeely, Asst. City Atty., New Orleans, for defendant-appellee.
Before LEMMON, GULOTTA and STOULIG, JJ.
LEMMON, Judge.
Plaintiff's appeal in this workmen's compensation case questions a judgment maintaining exceptions of prescription and no cause of action.
Plaintiff, a fireman, alleged in his petition filed on June 26, 1972 that he suffered a job-connected heart attack on March 20, 1968, after which he was placed on active duty, sick leave status, that he never returned to work thereafter, and that on October 9, 1970 he was retired by the City of New Orleans on a disability pension. He further alleged:

"V
"Thereupon your petitioner inquired of the Superintendent of the Fire Department Chief Heid concerning workmen's compensation benefits and was advised that he had no cause of action.

"VI
"Petitioner relied upon the department's word and assumed that he could not recover, however, upon learning of the content of the Acts 1968, No. 337, Revised Statute 33:2581, petitioner now feels that he is entitled to workmen's compensation for total and permanent disability."
Thus, plaintiff's petition, filed more than four years after his disabling heart attack, was prescribed on its face. Under such circumstances a compensation claimant faced with an exception of prescription has the burden of proving that the claim was not prescribed. Heymann v. Dixie Leasing Corp., 250 So.2d 118 (La.App.4th Cir. 1971).
To avoid dismissal because of prescription, plaintiff argues in this court that he was led to believe his claim for compensation did not have to be filed while he was on active duty collecting full wages as sick pay, similar to the situation in Dupaquier *754 v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972).[1] However, plaintiff did not allege this lulling in support of his cause of action.[2] More importantly, even if plaintiff (by amended pleadings and proof) could overcome the running of prescription through October 1, 1970, when payment of full wages was discontinued, he did not file the petition until almost two years thereafter.
The only reason stated in the petition for plaintiff's withholding suit until after October 1, 1970 was that the fire chief advised him he had no cause of action.[3] This is not a sufficient reason to prevent the running of prescription.
A statement by the employer's representative that the employee has no valid claim is entirely different from one that the employee will be taken care of [as in Landry v. Ferguson, La., 279 So.2d 185 (1973)], or one that compensation will be paid without suit. The latter statements to the employee indicate that the employer has recognized the claim, and an employee alleging late filing on account of such statements would assert a cause of action to estop the employer from pleading prescription.
However, a statement by an employer's representative that the employee has no valid claim is the equivalent of the employer's denial of the claim. Such a statement would serve to notify the employee that he cannot rely on receiving compensation without suit and that he must seek legal advice or pursue his claim otherwise than through amicable settlement with the employer.
The allegation that such a statement was made thus does not reasonably excuse the delay in filing suit until after the prescriptive period had run.
The judgment is affirmed.
AFFIRMED.
GULOTTA, Judge (concurring).
I concur with the result.
A petition seeking workmen's compensation benefits filed more than two years after plaintiff suffered a heart attack (which caused the disability) and more than one year after plaintiff had been retired on a disability pension fails to state a cause of action because it has prescribed on its face. When it is apparent from the allegations in the petition that a cause of action is prescribed, plaintiff must allege sufficient facts to show an interruption of prescription. In the instant case, plaintiff failed to allege an interruption was caused, either by representation or action of his employer which lulled him into a belief that compensation benefits would be paid. Under the circumstances, the petition does not state a cause of action.
NOTES
[1] In the Dupaquier case the court recognized that "payment of unearned wages during disability is treated as workmen's compensation, and one-year prescription runs from the last payment", but nevertheless decided the case on the basis that plaintiff withheld suit until after his sick leave expired in reliance on misinformation released by Fire Department officials.
[2] Thus, plaintiff's petition did not state facts necessary to overcome the prescription apparent on the fact of the pleading. His argument, however, indicates the grounds of the objection raised by the exceptions (on this point) may possibly be removed by amendment, under which circumstances the court is mandated to order amendment. C.C.P. art. 934.
[3] Plaintiff introduced no evidence at the trial of the exception of prescription.