645 So.2d 796 (1994)
Marvin TARVER, Plaintiff-Appellant,
v.
ENERGY DRILLING CO. & USF & G Ins. Co., Defendants-Appellees.
No. 26233-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1994.
*797 McKeithen & Ryland by Rebel G. Ryland, Susan L. Bowers, Columbia, for appellant.
Davenport, Files & Kelly by M. Shane Craighead, Monroe, for appellees.
Before SEXTON and STEWART, JJ., and PRICE, J. Pro Tem.
STEWART, Judge.

FACTS
The factual findings are undisputed by either party. On January 17, 1992, the plaintiff-appellant, Marvin Tarver, was employed by Energy Drilling Company (hereinafter "Energy Drilling") at a rig site located near Cameron, Louisiana. At 6:45 p.m. that same day, while performing services that arose out of the course and scope of his employment, the plaintiff sustained an injury to the ring and middle fingers of his left hand.
Later that day, shortly before his shift was to end at 11:00 p.m., the plaintiff returned to the job site. Although it was not mandatory that the employees remain in the housing facilities provided by the company, appellant later obtained a ride to the facilities in Lake Charles with another employee, Lee Harris. The vehicle driven by Harris was not provided by the company and neither the claimant nor Harris received mileage for travel to and from work. While en route, Lee Harris' automobile was struck from behind. In the accident, plaintiff injured his neck and spine and contends that these injuries were the result of the automobile accident.
The plaintiff received weekly worker's compensation benefits in the amount of $295.00 for injuries to his left hand and medical treatment from the date of the injury until January 18, 1992. As a result of the hand injury, plaintiff was rendered temporarily and totally disabled.
On December 21, 1993, Dr. Gordon M. Mead, an orthopaedic surgeon, determined that the plaintiff had reached maximum medical benefit and could return to work at any occupation with no restrictions. Based on this determination, plaintiff's weekly benefits were terminated immediately after January 18, 1993, but the medical benefits were continued. It is this termination of weekly benefits that prompted the filing of this action.
The trial court ruled that the plaintiff was entitled to temporary and total disability benefits for the hand injury alone and that *798 those benefits were properly terminated in light of the medical opinion provided by Dr. Mead. However, the officer ruled that plaintiff's neck and spine injuries were not compensable because accidents that occur while travelling to and from work are not considered as having occurred in the course and scope of employment. Additionally, the trial court ruled that the injury did not "arise out of" the claimant's employment because the risk that caused the plaintiff's injuries was the kind of traffic risk that individuals face everyday going to and from work. The hearing officer concluded that the accident was in no way related to the claimant's job.
Evidence was adduced to indicate that the claimant had reached a settlement agreement with the driver of the other automobile in the amount of $14,382.50. Officer Irving also determined that, even if the injuries are compensable, benefits would not be due because the defendant is entitled to a dollar-for-dollar credit pursuant to LSA-R.S. 23:1102(B) from the proceeds of the third-party settlement.

DISCUSSION

"Course and Scope of Employment"
First, the plaintiff contends that the hearing officer erred when she ruled that the automobile accident was not within the course and scope of plaintiff's employment.
LSA-R.S. 23:1031 provides in pertinent part:
If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or person hereinafter designated.
The terms "arising out of" and "in the course of" constitute a dual requirement. The former suggests an inquiry into the character or origin of the risk giving rise to the injury. Raybol v. Louisiana State University, 520 So.2d 724 (La.1988). The latter requirement focuses upon the time and place relationship between the risk and the employment. Id. at 724. The two requirements cannot be considered in isolation from each other. Further, the two elements should not be understood as entirely separate requirements to be rigidly and independently exacted. Rather, they should be understood as closely intertwined issues that may usefully illuminate the common sense practical question whether the employee's injury bears some significant relationship to the employer's business operation. Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989); LaFleur v. Swallow's Rice Mills, 532 So.2d 255 (La.App. 3d Cir.1988); Jepsen v. B-Con Construction Company, Inc., 475 So.2d 112 (La.App.2d Cir.1985), and Renfroe v. City of New Orleans, 394 So.2d 787 (La. App. 4th Cir.1981), writ denied, 399 So.2d 621 (La.1981).
As a general rule, accidents which occur while an employee is travelling to and from work are not considered as having occurred during the course of employment and are therefore not compensable. This rule is premised on the theory that ordinarily the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. However, this rule has been subject to a number of jurisprudentially established exceptions. For example, the following exceptions have arisen: 1) If the accident happened on the employer's premises; 2) If the employee was deemed to have been on a specific mission for the employer, such as making a trip in the interest of his employer's business or pursuant to his employer's order; 3) If the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses; 4) If the employee was doing work for his employer under circumstances where the employer's consent could be fairly implied; 5) If the employee was travelling from one work site to another; 6) If the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee, also known as the threshold doctrine; and, 7) If the operation of a motor vehicle was the performance of one of the duties of the employment of the employee. Yates v. Naylor Industrial Services, Inc., 569 *799 So.2d 616 (La.App.2d Cir.1991), citing Michaleski v. Western Preferred Casualty Company, 472 So.2d 18 (La.1985); Hughes v. Gearhart Industries, Inc., 552 So.2d 717 (La. App. 1st Cir.1989), writ denied, 556 So.2d 1280 (La.1990); Justice v. Sylvester, 499 So.2d 590 (La.App. 5th Cir.1986), writ denied, 503 So.2d 491 (La.1987); Guidry v. Chevron U.S.A., Inc., 461 So.2d 625 (La.App. 1st Cir. 1984); Smith v. A.I.U. Insurance Company, 457 So.2d 868 (La.App. 3d Cir.1980); Castille v. Sibille, 342 So.2d 279 (La.App. 3d Cir. 1977), and Gardner v. Industrial Indemnity Company, 212 So.2d 452 (La.App. 1st Cir. 1968).
Although plaintiff concedes that this case does not fall into one of the specific categories of enumerated exceptions, he argues that it should be considered exceptional because he lived 210 miles from the job site and could reasonably have been expected to stay at the facilities in Lake Charles in order to be at work on time each morning and because defendant provided a $15 a day per diem. In support of his position, the plaintiff cites Michaleski v. Western Preferred Co., supra. There, the claimant, upon returning to the rig site from a trip to buy food, was injured in an automobile accident. The employer in Michaleski provided the claimant with an hourly wage and $12 a day for food plus $10 a day for gasoline and required lodging at the campsite. The Louisiana Supreme Court held that an exception to the rule that an employee is not within the course and scope of employment when travelling to and from work is recognized when transportation is furnished as an incident of employment, even if provided through payment of expenses. Id. at 20.
Here, the defendant provided the claimant and his co-employee with a $15 a day per diem, but the undisputed facts reveal that this amount did not include mileage and was not specified as travel expenses. It is well-settled that mere payment of these expenses without an express or implied agreement to furnish transportation does not place the employee within the course of his employment while going to and from work when such payments bear no relation to actual travel expenses and are intended only as an inducement to persuade persons to work at a particular job site. Yates, supra, citing, Major Transports Limited v. Courville, 493 So.2d 109 (La.App. 3d Cir.1986), writ denied, 497 So.2d 1014 (La.1986); Mitchell v. Pleasant Hill General Hospital, Inc., 491 So.2d 183 (La.App. 3d Cir.1986), writ denied, 493 So.2d 1223 (La.1986), and Gardner v. Industrial Indemnity Company, supra.
Additionally, the facts reveal that the company did not require the employees to utilize the housing facilities in Lake Charles. The mere fact that housing was provided is insufficient to remove this case from the purview of the general rule articulated in Yates when staying at such facilities was not a requirement of the employment.
Moreover, at the time of the accident, plaintiff had left the job site and was off duty as a result of the injury which rendered him temporarily and totally disabled. Consequently, the risk of injury to the plaintiff was outside of the time and place contemplated by his employment.

"Arising Out Of"
As discussed above, the "arising out of" requirement focuses on the character or origin of the risk. In the instant case, the risk which caused injuries to the plaintiff's neck and spine was a traffic risk that almost everyone faces while traveling to work each day and not the kind of risk contemplated by the Worker's Compensation Act. This risk was in no way connected to the plaintiff's employment, particularly since he was temporarily and totally disabled, was off duty at the time of the accident, was not on call, and had left the job site.

Third-Party Settlement
In light of this court's holding that the plaintiff's injuries are not compensable under the Worker's Compensation Act, we do not find it necessary to address defendant's request pursuant to LSA-R.S. 23:1102(B) for a dollar-for-dollar credit from plaintiff's third-party settlement.

Penalties and Attorney's Fees
We further find that the plaintiff is not entitled to an award of penalties or attorney's *800 fees under LSA-R.S. 23:1201(E) and 23:1201.2. Energy Drilling was neither arbitrary nor capricious in its decision to discontinue payment of the plaintiff's weekly benefits. Not only had Dr. Mead determined that the plaintiff's hand had reached maximum medical benefit, there was also a substantive legal question present as to whether the plaintiff's neck and spine injuries were compensable under the Worker's Compensation Act. Energy Drilling had a reasonable basis for the discontinuation of plaintiff's weekly benefits.

DECREE
For the foregoing reasons, we find no manifest error in the findings of the trial court and affirm the judgment at the plaintiff's cost.
AFFIRMED.