682 So.2d 882 (1996)
Ralph M. WILSON, Plaintiff-Appellee
v.
CITY OF SHREVEPORT, Defendant-Appellant.
No. 28846-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1996.
*883 Lawrence K. McCollum, Shreveport, for Appellant.
Elton B. Richey, Jr., Shreveport, for Appellee.
Before HIGHTOWER, STEWART and CARAWAY, JJ.
STEWART, Judge.
The City of Shreveport appeals the judgment of the Worker's Compensation hearing officer who found that Ralph M. Wilson was in the course and scope of his employment when injured in an automobile accident and that Sergeant Wilson's claim for worker's compensation had not prescribed when the claim was filed more than one year following the accident. Ralph M. Wilson answered and appeals the ruling of the Worker's Compensation hearing officer granting the City of Shreveport a credit and set-off in the amount Sergeant Wilson received from the third party tortfeasor. For the following reasons, we affirm the hearing officer.

FACTS
Sergeant Wilson, employed by the Shreveport Police Department, was injured in an automobile accident on May 18, 1993, while en route from his office at the police department to a college class at Louisiana Tech-Barksdale which was being paid for by the City because the class was work related. Sergeant Wilson was driving a 1986 Mercury Marquis owned by the City and assigned to him for his use during on-duty and off-duty hours because he was on call twenty-four hours a day due to his status as "first responder" on the Department's Critical Incident Stress Team.
As Sergeant Wilson exited I-20 eastbound at Louisiana Highway 72 and stopped at the bottom of the exit ramp, he was hit from behind by Dennis Utley. Subsequent to the accident, his supervisor was notified and prepared a written report. Sergeant Wilson was immediately taken to Willis-Knighton where he was treated in the emergency room. After undergoing routine blood alcohol and drug screens, Sergeant Wilson was released for follow-up treatment by his personal physician.
Initially diagnosed with a strain and sprain of his neck and lower back, Sergeant Wilson's underwent physical therapy for a specified time and was released by his doctor. He sought payment of his medical expenses pursuant to worker's compensation benefits which claim was denied. Those expenses were submitted to his health insurer, a self-insured fund administered by the City of Shreveport. As a member of this health plan, Sergeant Wilson paid forty-percent of his premiums. Due to this accident, he also incurred $3,534.02 in out-of-pocket medical bills.
Sergeant Wilson's injuries did not immediately develop into a disability until April or May of 1994 when he began experiencing increased pain in his neck and shoulders, headaches, and weakness, numbness, and tingling in his legs and knees. This condition *884 continued to worsen leading to another visit to his personal physician who related these symptoms to the automobile accident.
As a result, Sergeant Wilson filed a lawsuit against Mr. Utley in the 26th Judicial District Court in Bossier Parish, Louisiana, on May 17, 1994. After filing that lawsuit, Sergeant Wilson's condition continued to deteriorate resulting in hospitalization and consultation with a neurosurgeon regarding possible neck surgery. Because his condition was apparently worsening, Sergeant Wilson filed a claim for worker's compensation on June 21, 1994, seeking only medical expenses. He informed the City of the pending lawsuit which offered the City an opportunity to intervene in that suit which offer the City declined. The lawsuit against Mr. Utley was ultimately settled which allowed Sergeant Wilson to reimburse his health insurer for the expenses paid in the amount of $3,424.02. Sergeant Wilson continued a conservative course of treatment for his injuries through February of 1995 when surgery was performed on his cervical spine. An additional hospitalization was required from February 25th through March 3,1995. Due to the accident and resulting medical expenses, Sergeant Wilson incurred expenses totaling $42,719.31 of which $28,137.83 was paid by his health insurer. Sergeant Wilson paid forty-percent of his health insurance premiums which amounted to $11,255.13 of the benefits paid by his health insurer and, additionally, paid $3,534.02 in out-of-pocket medical expenses.
Following trial on August 25, 1995, the Worker's Compensation hearing officer found that Sergeant Wilson was in the course and scope of his employment at the time of the accident and that his claim for benefits was timely filed. The hearing officer granted judgment in favor of Sergeant Wilson and against the City of Shreveport in the amount of $17,823.01, plus the remaining balances of reasonable and necessary medical expenses subject to a maximum amount of $9.156.46. The hearing officer granted a credit to the City in the amount of $6,271.14 as a result of the settlement between Sergeant Wilson and the third-party tortfeasor.
The City of Shreveport appeals and assigns as error the hearing officer's finding that Sergeant Wilson was in the course and scope of his employment when the accident occurred and the hearing officer's finding that the worker's compensation claim was timely filed.
Sergeant Wilson answered the appeal and assert as error the hearing officer's finding that the City was entitled to credit and set-off for the amount that Sergeant Wilson recovered from the third party tortfeasor.

DISCUSSION

Assignment of Error # 1
By its first assignment of error, the City contends that the hearing officer erred in finding that Sergeant Wilson was in the course and scope of his employment when the accident occurred. The City argues that Sergeant Wilson had completed his work shift, that he was not on duty when he was driving to Barksdale to attend a college class, that the class was an elective which was not required by the Shreveport Police Department, and that he was not being paid for the time he spent traveling to and from class and attending class.
Sergeant Wilson counters that the hearing officer was correct in concluding that he was in the course and scope of his employment. In support of his contention, he asserts that he was en route to a college class determined to be work related and paid for by the City, that he was operating a city owned vehicle at the time of the accident so that he could respond to off-duty calls, that he was monitoring a police radio and carrying a pager at the time of the accident, and that the hearing officer determined that he was subject to a high degree of employer control during his off-duty hours because of his assigned duties with the police department.
To prevail in a claim for worker's compensation benefits, the claimant must establish that he suffered personal injury due to an accident "arising out of and in the course of his employment." LSA-R.S. 23:1031. Both arising out of and in the course of employment must be proven for a worker to qualify for compensation benefits. *885 Mitchell v. Brookshire Grocery Co., 26,755 (La.App. 2 Cir. 4/5/95), 653 So.2d 202. However, those requirements should not be considered in isolation nor understood as entirely separate elements that must be rigidly and independently proven. Rather, the two factors should be considered as closely intertwined issues that may usefully illuminate a common sense, practical approach in determining whether the employee's injury bears some significant relationship to the employer's business operation. Williams v. Regional Transit Authority, 546 So.2d 150 (La. 1989); Tarver v. Energy Drilling Co., 26,233 (La.App. 2 Cir. 10/26/94), 645 So.2d 796. A strong showing of one factor can overcome or strengthen a weaker showing of the other. Duncan v. South Central Bell Telephone Co., 608 So.2d 649 (La.App. 2d Cir.1992), writ denied, 610 So.2d 800 (La.1993). The worker's compensation act is to be liberally construed in favor of the injured employee. Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52 (La.1993); LaPrarie v. Pony Express Courier, 628 So.2d 192 (La.App. 2d Cir.1993), writ denied, 94-0014 (La.2/25/94), 632 So.2d 765.
When determining course of employment, the principal criteria are time, place, and activity. Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992); Mitchell, supra. Whether an accident arises out of employment, focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment. Mundy, supra; Mitchell, supra. If conditions or obligations of employment cause an employee in the course of his employ to be at the place of the accident when it occurs, the accident would be found to arise out of the employment. Virtually any risk has been held as arising out of employment if the employee is squarely within the course of his employ. Mundy, supra; Mitchell, supra.
However, if an employee is barely within the parameters of the course of his employ at a time or place or during such activity when an accident occurs, very strong proof that the risk arose out of the employment is necessary. Mundy, supra; Mitchell, supra.
Generally, accidents which occur during travel to and from work are not considered to be within the course of employment. Tarver, supra. However, a number of exceptions have been jurisprudentially established, including when an employee was on a specific mission for the benefit of the employer and when the operation of a motor vehicle was one of the duties of the employee in the performance of his employment. Tarver, supra, citing Michaleski v. Western Preferred Casualty Company, 472 So.2d 18 (La.1985) and Yates v. Naylor Industrial Services, Inc., 569 So.2d 616 (La.App. 2d Cir.1990).
In the instant case, the record clearly establishes, when the accident occurred, that Sergeant Wilson was en route to a psychology class which related to the duties of his employment and, thus, was of benefit to his employer. Sergeant Wilson was reimbursed by the City for that educational expense. Sergeant Wilson was operating a vehicle assigned to him by his employer which his employer encouraged and, in essence, required him to use off-duty due to his 24-hour oncall status. Sergeant Wilson was required to monitor the radio at all times while in the vehicle and carried a pager supplied by his employer. This court finds that Sergeant Wilson's travel to attend class was employment-rooted as he probably would not have attended the course had it not been related to his duties with the police department and had his tuition not been reimbursed by the City. For the foregoing reasons, we affirm the ruling of the hearing officer.

Assignment of Error # 2
In its second assignment of error, the City contends that the worker's compensation claim filed by Sergeant Wilson on June 21, 1994, had prescribed because the accident occurred on May 18, 1993 and Sergeant Wilson was aware that he had been injured at the time of the accident.
Sergeant Wilson argues that the hearing officer properly applied the "developing injury" rule to his claim and, therefore, found that his claim filed on June 14, 1994, was timely. He contends that the testimony of the treating physicians established that the *886 injuries complained of and for which he has sought workers' compensation evolved over time rather than manifested immediately although he exhibited minor injuries at the time of the accident. Sergeant Wilson also asserts that as the City did not argue that the "developing injury" rule was inapplicable to a claim for medical benefits at the workers' compensation hearing, they should now be barred from raising that issue at this time. Further, Sergeant Wilson argues that Holcomb, which the City cites in brief and relies upon, is of dubious value and should be explicitly overruled because the Holcomb ruling makes R.S. 23:1209(C) "internally inconsistent and incoherent."
Additionally, Sergeant Wilson argues that prescription was interrupted by the filing of the lawsuit against Mr. Utley, the third-party tortfeasor.
La.C.C. art. 3462 provides that the filing of a lawsuit in a court of competent jurisdiction interrupts prescription. Further, interruption of prescription against one solidary obligor interrupts prescription against all solidary obligors. La.C.C. art. 1799; La.C.C. art. 3503.
This court has not previously addressed whether the timely filing of a lawsuit against a third-party tortfeasor interrupts prescription on a claim for worker's compensation benefits. However, in Bradley v. Mike Rougee Corp., 95-967 (La.App. 5 Cir. 6/25/96), 676 So.2d 1111, the court, citing Williams v. Sewerage & Water Board of New Orleans, 611 So.2d 1383 (La.1993), held that a suit timely filed in district court against a third-party tortfeasor interrupted prescription against an employer for worker's compensation benefits.
In Williams, the Louisiana Supreme Court held that an employer's obligation to pay worker's compensation benefits and a third-party tortfeasor's liability for damages were solidary and, thus, the timely filing of a worker's compensation claim interrupted prescription against a third-party tortfeasor. Solidary liability has been defined as an obligation where:
1) Each party is obligated to repair the same damage;
2) Each obligor is liable for reparation of the total damage; and
3) That payment in full by one solidary obligor exonerates the other obligor as to the creditor.
Williams, supra; Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La. 1982).
The record in this case does not contain a copy of the lawsuit filed by Sergeant Wilson against Mr. Utley. However, the testimony of Sergeant Wilson indicates that a suit was timely filed and such claims against the third-party tortfeasor were settled. The City neither rebutted nor challenged the timely filing of the tort claim. Pursuant to La.C.E. art. 201(B)(2) and La.C.E. art. 202, this court takes judicial cognizance of the filing of that lawsuit and deems it timely filed.
Following the analysis of Williams and Hoefly, this court finds that Mr. Utley, the third-party tortfeasor, and the City of Shreveport are solidary obligors and that the timely filing of Civil Docket # 89,214 Ralph Morris Wilson, et ux v. Dennis Utley, et al on May 17, 1994, in the 26th Judicial District Court, Bossier Parish, Louisiana, interrupted prescription as to the worker's compensation claim filed against the City of Shreveport on June 21, 1994. Therefore, we affirm the ruling of the hearing officer.

Assignment of Error # 3
In this assignment of error, Sergeant Wilson contends that the hearing officer erred by granting the City credit and offset in the amount that he recovered against Mr. Utley because the hearing officer lacked jurisdiction to hear an employer's claim for offset. The City has merely responded that the hearing officer was correct in allowing credit and that ruling should not be disturbed on appeal.
La.R.S. 23:1102(B) provides that an employer is entitled to dollar-for-dollar credit against worker's compensation benefits paid to the employee for the amount recovered in settlement with the third-party tortfeasor.
However, Louisiana courts have held that a claim for credit and offset lies with the district court where the third-party tort *887 claim was heard. Ortego v. CXY Energy, 95-718 (La.App. 3 Cir. 1/10/96), 670 So.2d 217; Gordon v. Waste Management of New Orleans (Residential), 94-1252 (La.App. 4 Cir. 12/15/94), 648 So.2d 1037. In both cases, the employer or employer's worker's compensation insurer intervened in the lawsuit filed by the employee against the third-party tortfeasor. The issue presented was whether the worker's compensation hearing officer had jurisdiction to decide the employer's action against the third-party tortfeasor. Both courts held that the hearing officer did not have jurisdiction to decide claims made by an employer against a third-party.
In Booth v. Travelers Insurance Co., 217 So.2d 483 (La.App. 1 Cir.1968), the court, citing Geter v. Travelers Insurance Company of Hartford, Conn., 79 So.2d 120 (La.App. 1 Cir.1955), stated that the employer had no reason to intervene in the suit against the third-party tortfeasor because the employer had continuously denied that it owed no worker's compensation benefits to the employee and that the worker's compensation statutes do not contemplate double recovery by the injured employee.
Counsel for Sergeant Wilson notified the City of Shreveport about the filing of the tort suit against Mr. Utley and offered the City the opportunity to intervene in that suit, but the City declined to intervene. At that time, the City denied that Sergeant Wilson was entitled to any worker's compensation benefits as a result of his injury in the automobile accident. Subsequently, the City raised the issue of credit and offset at the trial on the worker's compensation claim.
Although the statutes and jurisprudence seem to favor intervention by an employer in actions by employees against third-party tortfeasors, under the particular circumstances of this case, the City was not unreasonable in denying worker's compensation benefits prior to a determination by the hearing officer and, therefore, in failing to intervene in the action against the third-party. Further, attorneys' fees and court costs had been deducted from Sergeant Wilson's recovery against Mr. Utley before the hearing officer determined the amount of credit to which the City was entitled.
The claim for credit and offset was made by the City of Shreveport as employer against Sergeant Wilson as employee within the context of the worker's compensation hearing. The third-party tortfeasor was not a party to that litigation. LSA-R.S. 23:1102 B exclusively governs claims between an employee and his employer and not with a third party. We find that the hearing officer had jurisdiction to award the City credit and offset for the amount recovered by Sergeant Wilson against the third-party tortfeasor. For the foregoing reasons, we affirm the ruling of the hearing officer.

DECREE
For the foregoing reasons, we affirm the rulings of the hearing officer. Costs of this appeal are assessed two-thirds to the City of Shreveport and one-third to Sergeant Wilson.
AFFIRMED.