J2CANNELLA, Judge.
Plaintiffs, Beverly Ann White, her daughters, Shamika, Jakeita and Marie Green Washington, and her husband, Willie James Washington, appeal from a judgment granting an exception of no cause of action filed by defendants, St. Paul Fire and Marine Insurance Company and Perry Danna. We reverse, finding that, on the face of the petitions, plaintiffs stated a cause of action.
Plaintiffs claim injuries arising from a car/ bus collision. On May 20, 1995 and July 19, 1995, they filed separate suits for injuries arising out of the accident that occurred on December 8, 1994 while they were riding in a bus which was owned and operated by Ochs-ner Hospital (Ochsner). The petitions are identical, except for plaintiffs’ names and the suits were consolidated. Defendants filed an exception of no cause of action to both suits, claiming that the injured plaintiffs’ sole remedy is in workers’ compensation. Defendants asserted that plaintiffs were employees of Ochsner, that they were on their way to work from a hospital parking lot on a shuttle bus driven by a co-employee and that the bus *337 was laprovided by the hospital as an incident of employment.
On November 27, 1995, the trial judge granted the exceptions. In her reasons for judgment, she found that the bus was owned and operated by the hospital, was being driven by a hospital employee and that both Beverly Ann White and Marie Green Washington were employees at the time of the accident. She concluded that they were in the course and scope of their employment and their sole remedy is under workers’ compensation law.
A dismissal for an exception of no cause of action should only be granted if the well-pleaded allegations of fact in the petition clearly show that there is no remedy under any theory of law. Morgan V ABC Manufacturer, 93-701 (La.App. 5th Cir. 3/16/94); 637 So.2d 1076, 1078. All facts pled in the petition are accepted as true, without any reference to extraneous evidence, and all doubts are resolved in favor of the sufficiency of the petition. Morgan v. ABC Manufacturer, 637 So.2d at 1078; See: La.C.C.P. art. 9310.
The pertinent provisions of the petitions state:
II.
“Petitioners aver that on or about December 8, 1994 at approximately 6:50 a.m. she was a passenger on a bus owned and operated by Ochsner Hospital, and insured by St. Paul Fire and Marine Insurance Company, driven by defendant, Perry Danna. The bus had just left the parking lot for employees at the Ochsner Hospital off Jefferson Highway across from the Ochsner Hospital in route to the Ochsner Hospital.
III.
Petitioners aver that the bus driven by Perry Danna, owned by Ochsner Hospital, insured by St. Paul Fire and Marine Insurance Company under Policy No. HK07200284, was |4a 1991 Ford 22 passenger (approximately) private bus. The bus was struck as it crossed Jefferson Highway by a vehicle owned by Dianne Williams, driven by Jonathan Hayes, the defendant, and insured by Allstate Insurance Company, the vehicle being a 1990 Chevrolet 6000 pickup truck.
IV.
Petitioners aver that the accident apparently occurred as the bus driver. Perry Danna, attempted to cross Jefferson Highway into the entrance of Ochsner Hospital when co-defendant Jonathan Hayes apparently traveling at an excessive rate of speed and failed to note the bus crossing Jefferson Highway and struck the bus in the right rear side, where petitioner was seated in the rear of the bus.”
A review of the petitions, without regard to any extraneous evidence or arguments, reveals that plaintiffs neither assert that Beverly Ann White nor Marie Green Washington were employees of Ochsner nor that the bus driver is a coemployee. The petitions only note that Ochsner owns and operates the vehicle and that the bus had just left the parking lot for employees. They do not state that Beverly Ann White or Marie Green Washington were on their way to work. The trial court and defendants assumed facts about these relationships, which are not in the petitions. The driver could be an independent contractor, plaintiffs may not have to be employees to ride the bus or plaintiffs may not have been in the course and scope of employment at that time. In addition, plaintiffs could have been visiting someone or picking up something. Thus, we find that the petitions state a cause of action in tort against defendants and we will reverse the judgment.
Even if we assume that plaintiffs were on their way to work in a vehicle driven by a co-employee, the determination of whether an employee is in the |5course and scope of employment, when the employee is traveling to or from work in the employee’s vehicle, is a factual matter. Smith v. Lewis, 499 So.2d 1350, 1352 (LaApp. 5th Cir.1986); Hill v. West American Ins. Co., 93-915 (La.App. 3rd Cir. 3/2/94); 635 So.2d 1165, 1169. The general rule is that an employee is not in *338 the course and scope of his employment while traveling to and from work. Id. at 1352. In Tarver v. Energy Drilling Co., 26,233 (La.App. 2nd Cir. 10/26/94), 645 So.2d 796, 798 the Second Circuit court noted:
As a general rule, accidents which occur while an employee is travelling(sic) to and from work are not considered as having-occurred during the course of employment and are therefore not compensable. This rule is premised on the theory that ordinarily the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. However, this rule has been subject to a number of jurisprudentially established exceptions. For example, the following exceptions have arisen: 1) If the accident happened on the employer’s premises; 2) If the employee was deemed to have been on a specific mission for thé employer, such as making a trip in the interest of his employer’s business or pursuant to his employer’s order; 3) If the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel;
4) If the employee was doing work for his employer under circumstances where the employer’s consent could be fairly implied;
5) If the employee was travelling from one work site to another; 6) If the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee, also known as the threshold doctrine; and, 7) If the operation of a motor vehicle was the performance of one of the duties of the employment of the employee. (Emphasis added)
When the employer provides some type of transportation to the employee, the question is whether the employer has furnished transportation as an incident to employment, either through a vehicle or payment of expenses or where wages are paid for the time spent in traveling. Hebert v. Jeffrey, 94-1230 (La.App. 1st Cir. 4/7/95); 653 So.2d 842,844; Tucker v. Northeast Louisiana Tree Service, 27,768 (La.App. 2nd Cir. 12/6/95), 665 So.2d 672, 677; Dupre v. Exxon Pipeline Co., 93-1528 (La.App. 3rd Cir. 6/1/94); 638 So.2d 1118, 1121; Leflore v. Coburn, 95-0690 (La.App. 4th Cir. 12/28/95); 665 So.2d 1323. See also: Malone and Johnson, Louisiana Civil Law Treatise, Worker’s Compensation, Sec. 170, at 392|6(1994).
Since this question is a factual issue (Hill v. West American Ins. Co., 635 So.2d at 1171), the production of evidence is necessary to support each party’s position. However, the exception of no cause of action is determined on the petition alone, without considering extraneous evidence. Thus, legally, as well as on the face of the petition, defendants are not entitled to an exception of no cause of action on the basis that plaintiffs were in the course and scope of their employment. Consequently, we reverse the judgment.
Accordingly, the judgment of the trial court granting the peremptory exception of no cause of action is reversed. The case is remanded for further proceedings.

REVERSED AND REMANDED.