| BAGNERIS, J.
Plaintiff/Appellant, Shahed W. Muhammad (“Mr. Muhammad”), appeals an August 30, 2001 decision by the Office of Workers’ Compensation, which granted an exception of prescription filed by defendant/appellee, the City of New Orleans/New Orleans Police Department (“NOPD”), (collectively referred to as “the defendants” or “the City”), and dismissed his compensation claim with prejudice.
FACTS AND PROCEDURAL HISTORY
The parties are in basic agreement as to the facts relevant to this appeal. Mr. Muhammad was a New Orleans Police Officer assigned to the Orleans Parish Juvenile Court as a bailiff. In addition to those duties, the NOPD required him to work parade duty during the Mardi Gras season. While assigned to a nighttime parade, Mr. Muhammad suffered a heart attack. While neither party provided this court with the exact date upon which Mr. Muhammad suffered this heart attack, it is clear from the August 20, 2001 transcript of the hearing on the City’s exception of prescription that he suffered the heart attack on January 7, 1997. He was transferred by ambulance to a hospital where he was treated for chest pains. | {.Shortly thereafter he was diagnosed with angina and his doctor recommended that he undergo surgery to repair the damage to his heart.
Upon the advice of his doctors, Mr. Muhammad took sick leave from his job at Juvenile Court because his medical condition prevented him from performing his *185 duties as a police officer. Mr. Muhammad claims that when he inquired about his injury status, someone at the NOPD advised him that he should use his accumulated sick leave during his convalescence. In addition, Mr. Muhammad claims that when he contacted the NOPD’s personnel/benefits office about the matter, several individuals told him that he had to use all of his accumulated sick leave before he would be eligible to file a worker’s compensation or long-term' disability claim with the department.
While on sick leave, Mr. Muhammad was under the care of several physicians for the treatment of his angina and for psychiatric problems stemming- from job related stress/depression, including a police department psychologist. In September of 1997, Mr. Muhammad was told by one of his doctors that his heart condition and subsequent medical and psychological problems should be covered by the NOPD’s workers’ compensation insurance. Based on that information, Mr. Muhammad filed an -Employer’s Report of Occupational Injury or Disease with the department on September 9,1997 so that it could submit the report to its workers’ compensation insurer. The report lists the date on which the disability began as “1-7-97”. In the section of the report that asks how the injury occurred, Mr. Muhammad wrote:
In 1985 I was diagnosed with diabetes, sometime later I was diagnosed as having arterial disease which resulted in heart by-pass surgery. These conditions are believed to be aggravated [sic] by job related stress. For which I am currently receiving psychological and psychiatric treatment.
_JjMr. Muhammad claims that after he filed the first report of injury he was told by his supervisors at the NOPD that he would not be eligible for workers’ compensation because he had not filed the report of injury within thirty days of the incident.
Mr. Muhammad continued on sick leave for more than a, .year until he was notified of the department’s intention to initiate a Rule IX- action against him, pursuant to the Civil Service Rules, to have him dismissed from the NOPD based on his medical status and his inability to return to work on a full-time basis. Mr. Muhammad subsequently retired from the police force, effective January 1, 1998, to avoid termination.
. Mr. Muhammad filed a Petition for Damages against the City of New Orleans in Civil District Court for the Parish of Orleans on December 29, 1998 wherein he alleged entitlement to damages because of his forced dismissal based on his medical condition.[1]
On March 16, 1999, Mr. Muhammad filed a form LDOL-WC-1008 Disputed Claim for Compensation, along with a “Petition for Workmen’s [sic] Compensation”, with the Office of Workers’ Compensation, seeking to recover benefits for an injury that he listed as occurring on September 9, 1997. The workers’ compensation judge signed a preliminary default in favor of Mr. Muhammad on April 11, 2000. Prior to confirmation of that default, the defendants filed an answer to the petition. Shortly thereafter, the City filed an exception of prescription wherein it argued that Mr. Muhammad’s claim should be dismissed because it had prescribed on its face. More specifically, the City argued [4that because Mr. Muhammad had admitted in the Employer’s Report of Occupa *186 tional Injury or Disease that his disability began on January 7,1997, the law required that his claim for disability benefits be filed no later than two years after the date that the injury developed, that is by January 7,1999.
Mr. Muhammad opposed the exception. Following a hearing, the workers’ compensation judge granted the City’s exception and dismissed Mr. Muhammad’s claim with prejudice. That judgment provided, in pertinent part, as follows:
[Claimant’s 1008 Petition is: 1) prescribed on its face; 2) prescription was not interrupted by claimant’s filing an unrelated suit against the same defendant in Civil District Court; and 3) claimant being told by his employer that he did not have a workers’ compensation claim did not lull him into a false sense of security; see Causby v. Perque Floor Covering, 707 So.2d 23 (La.1998) citing, Drane v. City of New Orleans, 328 So.2d 752 (La.App. 4th Cir.1976) ...
From that adverse judgment, Mr. Muhammad now appeals.
DISCUSSION
The standard of review in workers’ compensation cases is the manifest error/clearly wrong standard. This standard precludes the setting aside of a trial court’s findings of fact unless they are clearly wrong in light of the record reviewed in its entirety. Matthews v. Taylor Temporary, Inc., 97-1718, p. 1 (La.App. 4 Cir. 2/11/98), 707 So.2d 1021, 1022.
La. R.S. 23:1209(A) sets forth the prescriptive period governing workers’ compensation claims. It provides, in pertinent part, as follows:
In case of personal injury ... all claims for payments shall be forever barred unless within one year after the accident ... the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this section and [footnote omitted] in this Chapter. Where such payments have been made in any case, the | ¡¿imitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such eases the'claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
To summarize, the statute provides that claims for disability benefits are barred unless filed (1) within one year from the date of the accident; (2) one or three years from the date of the last payment of compensation benefits, depending on the type of benefits paid; and (3) one year from the time the injury develops if not immediately manifest, but, in any event, no more than two years after the accident. Peeler v. Georgia-Pacific Corp., 96-1423 p. 3 (La.App. 1 Cir. 6/20/97), 696 So.2d 1064, 1066.
In the instant case, the City has not paid any compensation benefits to Mr. Muhammad. Thus, Mr. Muhammad’s compensation claim needed to be filed, at the very latest, within two years after the date of the accident leading to his disability.
In his sole assignment of error, Mr. Muhammad contends that the workers’ compensation judge erred in dismissing his compensation claim based on the City’s *187 contention that the claim had prescribed. Mr. Muhammad argues that because individuals in the City’s personnel department gave him incorrect information, i.e. that he could not file a claim for compensation until he had exhausted all of his sick leave, the City should not be allowed to benefit therefrom by now claiming that his compensation claim has prescribed. Further, Mr. Muhammad argues that the City cannot in good faith claim that it was unaware of |fihis work related injury because he suffered a heart attack while on the job. Finally, Mr. Muhammad argues that even if his compensation claim had prescribed on its face, such prescription was interrupted by his filing of a lawsuit against the City in Civil District Court for his alleged wrongful termination by the NOPD.
Mr. Muhammad’s arguments are without merit. As correctly noted by the workers’ compensation judge, Mr. Muhammad’s claim had prescribed on its face. Although he was injured on January 7, 1997, Mr. Muhammad did not file his disputed claim for compensation until March 16, 1999, more than two years later. Accordingly, Mr. Muhammad had the burden of showing why his compensation claim had not prescribed. See Lima v. Schmidt, 595 So.2d 624, 628 (La.1992). Mr. Muhammad failed to meet this burden.
While Mr. Muhammad claims that the statements made by individuals in the City’s personnel department lulled him into a false sense of security, Louisiana caselaw, as cited by the workers’ compensation judge, however, provides the exact opposite. In Drane v. City of New Orleans, 328 So.2d 752 (La.App. 4 Cir. 3/16/76), we stated that:
A statement by the employer’s representative that the employee has no valid claim is entirely different from one that the employee will be taken care of (as in Landry v. Ferguson, La., 279 So.2d 185 (1973)) or one that compensation will be paid without suit. The latter statements to the employee indicate that the employer has recognized the claim, and an employee alleging late filing on account of such statements would assert a cause of action to stop the employer from pleading prescription.
However, a statement by an employer’s representative that the employee has no valid claim is the equivalent of the employer’s denial of the claim. Such a statement would serve to notify the employee that he cannot rely on receiving .compensation without suit and that he must seek legal advice or pursue his claim otherwise that through amicable settlement with the employer.
Drane, 328 So.2d at 754.
As noted in the judgment granting the City’s exception of prescription, the Louisiana Supreme Court recently cited the above-quoted language with approval in Causby v. Perque Floor Covering, 97-1235, p. 5 (La.1/21/98), 707 So.2d 23, 26.[2]
Mr. Muhammad should have filed his disputed claim for compensation, at the very latest, within two years of his January 7, 1997 injury. Thus, we find no error in the workers’ compensation judge’s ruling that Mr. Muhammad’s claim had prescribed on its face.
We next turn to Mr. Muhammad’s argument that the City cannot in good faith claim that it was unaware of his work-related injury, because he suffered a heart attack while on the job. This argument misses the point. The City argued that Mr. Muhammad’s compensation claim *188 against it had prescribed and, for the purposes of that exception, it did not challenge Mr. Muhammad’s assertion that he had suffered a job-related injury.
Mr. Muhammad next argues that prescription on his compensation claim was interrupted by the filing of his lawsuit against the City relating to his Rule IX termination[3], citing Wilson v. City of Shreveport, 28,846 (La.App. 2 Cir. 11/01/96), 682 So.2d 882. In Wilson, the court held that the plaintiffs timely filing of a lawsuit against a third-party tortfea-sor interrupted prescription as to the plaintiffs worker’s compensation claim against his employer because the third-Isparty tortfeasor and the plaintiffs employer were solidary liable for the injuries that the plaintiff had received in an automobile accident. Id. at p. 7-10, 682 So.2d at 886-887. Wilson is inapposite to the situation presented herein. Any potential liability of the City to Mr. Muhammad on his claim that he had been improperly terminated from the NOPD is separate and distinct from whether the City would owe him any workers’ compensation benefits for his having been injured in the course and scope of his employment as a police officer for the City of New Orleans. Accordingly, the workers’ compensation judge was correct in concluding that prescription had run on Mr. Muhammad’s compensation claim and that his filing of the unrelated suit against the same defendant in Civil District Court did not serve to interrupt that prescription.
For the reasons discussed herein, we affirm the judgment of the workers’ compensation judge, which dismissed Mr. Muhammad’s petition for compensation with prejudice.

AFFIRMED

. Mr. Muhammad did not provide this court with a copy of his petition in that suit. Likewise, no copy was attached to the memorandum that he filed with the workers’ compensation judge in opposition to the City’s exception.

. Unfortunately, Mr. Muhammad, in his brief to this court, continues to rely on the Fifth Circuit Court of Appeal's April 4, 1997 judgment in Causby that was reversed by the Louisiana Supreme Court on January 21, 1998.

. In his brief to this court, Mr. Muhammad alleges that the NOPD initiated the Rule IX action against him in retaliation for his criticism of the department. Those arguments are irrelevant to the issue of whether Mr. Muhammad's compensation claim is prescribed. In addition, because those arguments were not raised in his brief to the workers’ compensation judge in opposition to the City's exception of prescription, we need not address those allegations in this opinion. See Rule 1-3, Uniform Rules, Courts of Appeal.