MOORE, J.
hKen Seaman appeals a judgment dismissing his workers’ compensation claim as prescribed. We affirm.

Factual and Procedural Background

Seaman was employed as a drywall finisher at an average weekly wage of $400.02, for a compensation rate of $266.68. On October 26, 2006, he and his employer, D.E. Jimes, were working in a new house on Summerville Drive in the Twelve Oaks Subdivision in southeast Shreveport. Another contractor had previously hung the drywall in the game room, which was located over the garage; Seaman and Jimes came in later to finish it. Someone had laid a sheet of drywall over an attic hatch in the floor of the game room. When Seaman stepped on it, the drywall broke and he fell 10-12 feet to the garage floor. The fall crushed his left ankle and broke his right arm.
Seaman underwent treatment and therapy at LSU Medical Center until May 21, 2007, when a resident physician released him to work with no restrictions. Jimes’s comp carrier, LCTA, paid Seaman temporary total disability (“TTD”) benefits through June 21, 2007, and medical benefits through August 27, 2007.
*949 Apparently, Seaman’s original attorney had problems ascertaining precisely which house and which contractors were involved in his accident. On October 27, 2007, he filed a tort suit against Southern Home Builders and Robert Callahan, individually and d/b/a TLC Drywall. A few months later, on February 22, 2008, he filed an amended petition adding Michael Duggan, individually and d/b/a Duggan & Fine Construction as defendants.
l2On March 18, 2008, the First JDC dismissed Southern Home Builders with prejudice “on the consent of the parties.” On July 7, 2008, the court dismissed Duggan & Fine on an exception of no cause of action. This left Callahan, TLC Drywall and Michael Duggan, individually, as defendants. The portion of the suit record filed in evidence in the compensation claim does not show that any of the remaining defendants ever filed an answer or that Seaman took any further steps to pursue his action against them.
Represented by new counsel, Seaman filed the instant disputed claim for workers’ compensation on October 1, 2012. He alleged that Callahan had set the trap in the game room floor, that he (Seaman) had a pending tort suit against him, and this interrupted prescription on the comp claim. He demanded supplemental earnings benefits (“SEB”), medicals, and a penalty and attorney fee.
Jimes’s carrier, LCTA, argued that the claim was prescribed on its face, coming over one year after the last payment of TTD and three years after the last payment of SEB or medical benefits: the last medical benefit was paid August 27, 2007; hence, the disputed claim, filed October 1, 2012, was over two years after prescription accrued. LCTA conceded that a civil suit against a tortfeasor would interrupt prescription, but argued that the parties took no step in its prosecution after July 7, 2008, when Duggan & Fine was dismissed; hence, it was deemed abandoned as of July 7, -2010, under La. C.C.P. art. 561 A(l). LCTA further argued that for purposes of interrupting prescription, an abandoned suit “is considered never to have occurred,” La. C.C. art. 3463. It submitted that the claim was prescribed.
| ^Action in the OWC
The matter came for a hearing on November 5, 2013. Seaman was the only witness, describing how the accident occurred, his injuries, the two jobs he held since the doctor released him, and the fact that he began drawing social security in August 2013, when he turned’63. He admitted he had been able to work some 13 months after the accident, from July 2007 through August 2008, but complained that his ankle was crushed and painful, he could not stand on stilts as required for reaching high places, and he did not think he could work 40 hours a week anymore. On cross-exam, he admitted he did not see who actually placed .the sheet of drywall over the hole in the floor of the game room, and that his first attorney had been unable to find out which house was involved in the accident. Both sides introduced certified copies of portions of Seaman’s tort suit and medical records from LSU Medical Center. LCTA offered its comp payment history.
■ The WCJ rendered a 4J/~page opinion, noting that because it was filed over five years after benefits were terminated, Seaman’s claim was prescribed on its face. The tort suit, however, interrupted prescription as to all solidary obligors, La. C.C. art. 3462, and for purposes of workers’ compensation, a suit against a tortfea-sor is deemed to interrupt prescription as to the employer, Bradley v. Mike Rougee Corp., 95-967 (La.App. 5 Cir. 6/25/96), 676 So.2d 1111. Nevertheless, the WCJ could find no evidence of any activity in the tort *950 case since July 2008, and thus that case was abandoned for lack of prosecution, La. C.C.P. art. 561. Further, an ^abandoned case is deemed never to have occurred, for purposes of prescription, La. C.C. art. 3463. Since the tort suit effectively never occurred, it could not interrupt prescription in the compensation claim. The WCJ further observed that Seaman could not prove whether either of the remaining defendants in the tort suit was actually the one who laid the drywall over the hole. The WCJ later signed a judgment dismissing all claims.
Seaman has appealed, raising three assignments of error.

The Parties’Positions

By his first assignment of error, Seaman urges the WCJ erred in finding the claim was prescribed. He submits that this was legal error, invoking de novo (rather than manifest error) review, Young v. Young, 06-077 (La.App. 3 Cir. 5/31/06), 931 So.2d 541. He contends that his tort suit was still pending when he filed the compensation claim, thus interrupting prescription on the latter. He shows that a suit against a tortfeasor interrupts prescription against the employer, Bradley v. Rougee Corp., supra; Wilson v. City of Shreveport, 28,846 (La.App. 2 Cir. 11/1/96), 682 So.2d 882. He concedes that La. C.C.P. art. 561 defines abandonment as failure to take a step in the prosecution for three years, but argues that under that article “a motion to set aside dismissal” may be made, and the ruling thereon subject to appeal; no formal dismissal has been entered in his tort suit; ergo, “these remedies are still available.” He reiterates the suit history, showing that Callahan and Duggan were never officially dismissed, thus creating the “mere possibility of abandonment of the suit.” He argues that without an | Bactual dismissal, his suit cannot be deemed abandoned. He also shows that there are exceptions to abandonment: (1) when failure to prosecute is caused by circumstances beyond the plaintiffs control, or (2) when the defendant waived his right to plead it, Coe v. State, 32,635 (La.App. 2 Cir. 2/1/00), 751 So.2d 432. He argues that filing an answer by the defendant is a waiver of abandonment, citing Bell v. Kreider, 04-594 (La.App. 5 Cir. 11/30/04), 890 So.2d 648, writ denied, 2005-0029 (La.4/29/05), 901 So.2d 1062, and Thibaut Oil Co. v. Holly, 2006-0313 (La.App. 1 Cir. 2/14/07), 961 So.2d 1170. He concludes there is “no support” for the theory woven by the WCJ and the judgment should be reversed.
LCTA responds that because the claim was prescribed on its face, the burden shifted to Seaman to prove an interruption, and the WCJ was not plainly wrong to find he failed that burden. It stresses that abandonment is “operative without formal order,” La. C.C.P. art. 561 A(3), and no formal order of dismissal is required, Yates v. Bailey, 34,274 (La.App. 2 Cir. 12/6/00), 774 So.2d 1103; Coe v. State, supra. Specifically, it contends that an abandoned suit does not toll the running of prescription, Phillips’ Bar & Rest. Inc. v. City of New Orleans, 2012-1396 (La.App. 4 Cir. 4/24/13), 116 So.3d 92, units denied, 2013-1410 (La.10/11/13), 123 So.3d 1227, 1226, and citations therein. LCTA concedes the exceptions to abandonment, but urges that Seaman proved no circumstances beyond his own control and no waiver by the tort defendants. Finally, it submits that even if Seaman proved that the remaining tort defendants, Callahan and Duggan, were solidary obligors, he did not prove that either of them was | ^responsible for his injuries. LCTA concludes the judgment should be affirmed.

Discussion

All claims for workers’ compensation payments must be filed within one *951 year of the accident or, when payments have been previously made, within one year of the final payment of SEB or three years of the last payment of TTD or medical benefits. La. R.S. 23:1209 A(l), (2), C. The record plainly shows that LCTA last paid Seaman medical benefits on August 27, 2007. The WCJ correctly found that the instant disputed claim, filed October 1, 2012, was prescribed on its face. The burden of proof shifted to Seaman to show that the claim was not prescribed. Cichirillo v. Avondale Indus. Inc., 2004-2894 (La.11/29/05), 917 So.2d 424; Hollingsworth v. Choates, 42,424 (La.App. 2 Cir. 8/22/07), 963 So.2d 1089. The WCJ’s findings of fact as to prescription are subject to the manifest error-clearly wrong standard of review. Wells v. Zadeck, 2011-1232 (La.3/30/12), 89 So.3d 1145; Taylor v. Broomfield, 46,590 (La.App. 2 Cir. 9/21/11), 73 So.3d 485. There is no merit to Seaman’s contention that the ruling in this case is subject to de novo review.
A timely filed tort suit against the employer interrupts prescription as to a workers’ compensation claim. Burner v. Malmac Energy Corp., 592 So.2d 1370 (La. App. 2 Cir.1992). A timely filed tort suit against a tortfeasor in a court of competent jurisdiction and venue will also interrupt prescription against the employer, when the tortfeasor and employer are soli-dary obligors. Wilson v. City of Shreveport, supra; Bradley v. Rougee \nCorp., supra. The record does not show that Seaman ever filed a tort suit against his employer, Jimes, but he did file a timely suit against various alleged tortfeasors (Southern Home Builders, Robert Callahan, TLC Drywall, Michael Duggan and Duggan & Fine Construction) who may or may not have been solidarily liable with Jimes. The tort suit may have interrupted prescription as to the compensation claim.
The interruption of prescription from filing a suit is regulated by La. C.C. art. 3463, which provides:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time * * * or fails to prosecute the suit at trial.
An action “is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.” La. C.C.P. art. 561 A(l). This article further provides:
A. (3) This provision shall be operative without formal order, but, on ex parte motion of any party of other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
The jurisprudence confirms that a “suit which has been abandoned for nonaction during [the statutory period] does not constitute a legal interruption to the course of prescription.” Charbonnet v. State Realty Co., 155 La. 1044, 99 So. 865 (1924); Phillips’ Bar & Rest. v. City of New Orleans, supra. It is not the dismissal of the first suit that causes it to lose |Rthe effect of interrupting prescription, but rather the plaintiffs allowance of three years to elapse without taking any steps in the prosecution of the case that renders the interruption as “never to have occurred.” Long v. Chailan, 196 La. 380, 199 So. 222 (La.1940); Phillips’ Bar & Rest. v. City of *952 New Orleans, supra: For this reason, the abandonment is operative without formal order. La. C.C.P. art. 561 A(8).
Seaman contends that Art. 3463 does not apply to this case because none of the remaining tort defendants filed an ex parte motion for dismissal, as provided in Art. 561 A(3); he also contends that even if such a motion were filed and granted, he would be entitled to file a motion to set aside the dismissal and to appeal the ruling thereon, under Art. 561 A(4) and (5). As long as these options are open to him, he contends, the dismissal is not really official, and the tort suit may be revived. This line of reasoning, however, disregards the opening statement of the subsection, “This provision shall be operative without formal order,” and is therefore unavailing. Formal dismissal is not required to negate the interruption of prescription; abandonment itself accomplishes this end. Phillips’ Bar & Rest. v. City of New Orleans, supra. The instant record easily proves abandonment of the tort suit. We perceive no manifest error in the WCJ’s conclusion to this effect.
We reiterate the two exceptions to abandonment that we previously recognized in Coe v. State, supra. However, the record contains no evidence that Seaman’s failure to prosecute the tort suit was caused by circumstances beyond his control, or that any of the defendants therein ^waived the right to plead abandonment. The record does not show that any of Seaman’s tort defendants fax-filed a timely motion to set the case for trial, as occurred in Thibaut Oil Co. v. Holly, supra, or filed a post-abandonment answer to petition, as in Bell v. Kreider, supra. The only conclusion this record will support is the plaintiffs failure to prosecute the tort suit. There is no manifest error in the WCJ’s conclusion that the compensation claim was untimely. The assignment error lacks merit; the judgment is affirmed.

Conclusion

Because we affirm the finding of prescription, we pretermit any consideration of Seaman’s other assignments, which urge his entitlement to SEB, a penalty and attorney fee. The judgment is affirmed at Seaman’s costs.
AFFIRMED.